Judge Underwood,
delivered the opinion of the court.
The merits of the controversy have been correctly decided by the circuit court. It is an attempt on the part of Craig, to obtain a credit for money paid the deputy sheriff, at a time when he had no lawful authority to receive it, and when by receiving it, he incurred no obligation to account for it to- *604 Graves. This court has often decided, that unless the sheriff has an execution in his hands in full force, that a payment made to him by the defendant in the execution, cannot be regarded as an official transaction by which the defendant is exonerated from his liability to the plaintiff.
Unless the sheriff has an execution in his hands in. full force, a payment njade to him hy defendant in the execution, will not exonerate the defendant from his liability to the plaintiff.
Triplett, for plaintiff-; Marshall, for defendant.
It was error however, to decree in this case, in favor of Graves the amount of the note executed to him by Craig. All that the chancellor should have done, was to operate in ran upon the mortgaged property. The common law tribunal alone should givejudgment for the amount of (he note, and from the pleadings it seems, that tribunal has been resorted to for that purpose. See Martin vs. Wades’ executors, V Mon. 78.
It was also error, to leave the commissioner to judge of the default of Craig in paying the money. The decree should conform to the directions given in the, case of Jones vs. Froman, VI Mon. 129.
. Decree reversed with cost?, and the cause remanded for proceedings in conformity to this opinion.